IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK CREECH,                                      Civil No. 09-6275-AA
                                                  OPINION AND ORDER
       Plaintiff,

  vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.
_____

Brenda S. Moseley
Attorney At Law
320 Central Ave., Suite 422
Coos Bay, Oregon 97420
    Attorney for plaintiff

Dwight Holton
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Leisa A. Wolf
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901

1   - OPINION AND ORDER

Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Chief Judge:

Claimant, Mark Creech, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying his application for Supplemental Security Income (SSI) disability benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## PROCEDURAL BACKGROUND

Plaintiff was previously denied benefits in January 2004. Tr. 8. Plaintiff then filed a new application for SSI in February 2006. Plaintiff alleged disability beginning June 1998 due to back and neck pain and carpel tunnel. Tr. 134. The Commissioner denied plaintiff's application initially and on reconsideration. An Administrative Law Judge (ALJ) held hearings on March 18, 2008, and October 28, 2008. Tr. 27-50, 272-312. Following the March 2008 hearing, the ALJ continued the matter in order to obtain testimony from a vocational expert (VE). Id. On November 28, 2008, the ALJ issued a decision finding plaintiff not disabled at step five finding he could perform work existing in significant numbers in the national economy. Tr. 53-65. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1-4. The relevant period under review is from March 2006, to November 28, 2008.

2    - OPINION AND ORDER

**STATEMENT OF THE FACTS**

Plaintiff was 47 years old at the time of his last disability hearing. He completed eighth grade and then dropped out of school at 15 years old. He had previous work as a commercial fisher, he completed an automotive training course, and worked part-time as a caregiver for his blind mother. Plaintiff also admitted manufacturing methamphetamine as a source of income. Tr. 250-51. He admitted methamphetamine use since 1996 including use within the past year, but denies addiction. Id.

**STANDARD OF REVIEW**

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous

3   - OPINION AND ORDER

period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. <u>Yuckert</u>, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." <u>Yuckert</u>, 482 U.S. at 140-41; <u>see</u> 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." <u>Id.</u>; <u>see</u> 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. <u>Yuckert</u>, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. <u>Yuckert</u>, 482 U.S. at 141-42; <u>see</u> 20 C.F.R. §§ 404.1520(e)-(g), 416.920(e)-(g).

If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

1. The ALJ's Findings

At step one, the ALJ found that plaintiff did not perform substantial gainful activity after his alleged disability onset date. Tr. 58. At step two, the ALJ found that plaintiff's severe impairments were: status post neck surgery; alcohol abuse; learning disability, not otherwise specified. Tr. 58. At step three the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. The ALJ determined that plaintiff's residual functional capacity (RFC) was the performance of medium work. Tr. 59. Plaintiff was also limited by his inability to follow written instructions. Id. At step four, the ALJ found that plaintiff could not perform his past relevant work. Tr. 63. Finally, at step five, the ALJ found that based on vocational testimony, plaintiff was not disabled because there were jobs that existed in significant numbers in the national economy, including work as a hospital cleaner, kitchen helper, or cleaner. Tr. 64, 27-50.

2. Plaintiff's Allegations of Error

A. Plaintiff's Credibility

Plaintiff asserts that the ALJ failed to articulate clear and convincing reasons for finding his subjective complaints less than fully credible. Absent evidence of malingering, an ALJ must give clear and convincing reasons to reject a plaintiff's medically-related symptoms. Carmickle v. Comm'r, Soc. Sec.

5    - OPINION AND ORDER

Admin., 533 F.3d 1155, 1162 (9th Cir. 2008). Those reasons include conflicting medical evidence, effective medical treatment, daily activities inconsistent with the alleged symptoms, medical noncompliance, or poor work history. Lingenfelter v. Astrue, 504 F.3d 1028, 1040 (9th Cir. 2007).

The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms; however, plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the RFC assessment. The ALJ found that plaintiff's activities of daily living did not support his allegations of total disability. Tr. 60. Plaintiff told Dr. Gregor that he manages his activities of daily living including cooking, laundry, dishes, paying his cell phone bill, and using the computer. Tr. 252. He also wakes and feeds his mother who is ill. Id. Daily activities that are inconsistent with alleged symptoms are a relevant credibility consideration. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

Further, Dr. Gregor completed a psycho diagnostic interview on April 16, 2008. Tr. 248-250. Plaintiff told Dr. Gregor of his history of drug and alcohol abuse. Dr. Gregor noted that although plaintiff's drinking did not necessarily interfere with work, his reported alcohol abuse was inconsistent with plaintiff's previous reports that he did not drink. Id. Plaintiff also revealed that he had a medical marijuana card and uses marijuana once per week at night to aid his sleep. Id. The ALJ noted that at the hearing plaintiff stated that although he

6   - OPINION AND ORDER

had prescriptions for pain killers and other drugs, he could not afford to have them filled. Tr. 62.

The ALJ also noted Dr. Nolan's report that plaintiff's father reported that plaintiff was out "getting a load of hay." Tr. 195-97. The ALJ found that the labor in transporting a load of hay was at odds with plaintiff's alleged capabilities, noting that a typical hay bale weighs approximately 80 pounds.

The ALJ articulated clear and convincing reasons for rejecting some of plaintiff's testimony concerning the degree of severity of his symptoms. Moreover, the ALJ fashioned a RFC finding that accounted for plaintiff's credible limitations. Tr. 59. Finally, the ALJ provided clear and convincing reasons to support the credibility finding. Tr. 59-62.

B. Residual Functional Capacity Assessment

Plaintiff next argues that the ALJ's RFC assessment was improper in that it failed to account for all of plaintiff's limitations. I disagree and find that the ALJ's RFC assessment properly accounted for all of plaintiff's limitations that the ALJ found credible and were supported by the medical evidence in the record. Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001).

Plaintiff's RFC is the most he can do considering his impairments and limitations. SSR 96-8p. The issue of plaintiff's RFC is not a medical issue, but an administrative finding that is dispositive of the case. The final responsibility for deciding such issues is reserved to the Commissioner, and by delegation of authority, to the ALJ. SSR 96-5p. Regardless, however, when assessing plaintiff's RFC, the ALJ must consider the entire

7     - OPINION AND ORDER

record and explain the weight given to the medical evidence and testimony. Id. The ALJ found that plaintiff could perform medium work limited by his inability to follow written instructions. Tr. 59. The ALJ's RFC finding is correct because it "took into account those limitations for which there was support [in the record] [and] did not depend on [plaintiff's] subjective complaints that lacked credibility." Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).

Finally, substantial evidence supports the ALJ's reliance on the vocational expert's testimony that plaintiff could perform other work, including a hospital cleaner, kitchen helper, or cleaner and that those jobs existed in significant numbers in the national economy. Tr. 64, 38-42. The ALJ properly included all supported limitations in hypothetical questions to the vocational expert. Tr. 530-51.

## CONCLUSION

The Commissioner's decision is based on substantial evidence, and is therefore, affirmed. This case is dismissed. IT IS SO ORDERED.

Dated this 29 day of September 2010.

_____
Ann Aiken
United States District Judge

8    - OPINION AND ORDER